### FELLER et v MANSFIELD etc

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 9490.  Decided Jan 14, 1929

Gordon & Gordon, Cleveland, for Feller.

Herman J. Nord, Cleveland, for Mansfield et.

Middleton, PJ and Mauck, J of the 4th Dist and Farr, J of the 7th Dist sitting.

**FARR, J**

It may be observed in this behalf, that waiving any question of regularity, complainants upon the hearing below, submitted their maters in controversy regardless of any claimed violation of the above rule, and having done so they cannot now be heard to complain, for the reason that they so elected, and it is disclosed that the trial court permitted testimony to be of-

fered by the parties relative to the allowance of such fees. The complainants cannot now, therefore, avail themselves of any benefit of any violation of the rule since they acted regardless of the same, and it should be further noted that the contention with reference to the violation of the rule is purely technical and does not affect the substantial rights of the parties. Therefore that assignment of error cannot avail here.

Next and lastly, it is insisted that the fees allowed were expenses incurred by the receiver without the authority or sanction of the court making such appointment.

Plaintiffs in error contend that such allowance being unauthorized or not having been first authorized by the trial court, that reasonable compensation might not thereafter be allowed.

It is too well settled to require extended discussion that the court appointing a receiver say direct the conduct of such officer, and has control of allowances to be made for such services. However, in the instant case, the trial court, after the allowances were claimed, and upon a hearing with reference thereto, approved and ratified the same and such approval rendered such allowances legal, in view of the principles announced in Clark on the Law of Receivership, at pages 604-605-609, especially 857, directing attention to the cases and authorities there cited to sustain the text. It should also be noted that the services rendered were evidently beneficial to the estate and the conservation of its interests.

The situation here is analogous to the right of an administrator or executor to employ legal counsel in the administration of an estate which is very seldom, if ever, approved in advance of the services rendered, but if reasonable, are practically always allowed.

No difference is apparent in the rule to be applied in the instant case. True the Receiver took his chance in the course pursued, however these allowances having been approved by the court below, and there being nothing disclosed in the way of an abuse of discretion, it follows that the judgment must be affirmed and it is so ordered.

Middleton, PJ, and Mauck, J concur.